BUESS v. PAUL B. PUGH & CO. et al.

THE PECK BROS. & CO. v. PAUL B. PUGH & CO.

(Supreme Court, Appellate Term. February 23, 1905.)

MECHANIC'S LIEN—NOTICE—SUFFICIENCY.

The Mechanics' Lien Law (Laws 1897, p. 518, c. 418, § 9) prescribes the contents of the lien notice, and requires it to state the amount due for labor and materials. A notice consisting of a printed form appropriately filled in, and with certain printed words referring to labor done stricken out, claimed a lien for "labor and materials" furnished by the lienor, and stated that "the materials furnished" were as follows, specifying certain materials, and the amount unpaid for "such labor and materials." A subsequent paragraph of the form, stating the time when the first and last items of work and labor were respectively performed and furnished, was filled in as to the material, and left unfilled as to the labor. Held, that the lien was obviously claimed only for materials, and the word "labor" was allowed to remain in the notice merely by inadvertence, and should be disregarded, and the notice deemed sufficient as to the claim for materials.

Appeal from City Court of New York, Trial Term.

Action to foreclose a mechanic's lien by William Buess against Paul B. Pugh & Co. and others. Defendant The Peck Bros. & Co. filed a claim against defendant Paul B. Pugh & Co., and appeals from a judgment dismissing such claim. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Frederick W. Yates (James L. Bishop, of counsel), for appellant.
Hugo S. Mack, for respondent.

GIEGERICH, J. The sole question in the case is whether the notice of lien that was filed by the appellant, The Peck Bros. & Co., complied with the requirements of the Mechanics' Lien Law (chapter 418, p. 518, § 9, Laws 1897).

The notice of lien was prepared upon a printed form, certain words thereof having been stricken out by a stroke of the pen. The portions

necessary to be quoted are as follows (the words printed in italics being those stricken out from the printed form as above stated):

"Please take notice, that the Peck Brothers and Company, a corporation * * * for the principal and interest of the value and agreed price of the labor and materials hereinafter mentioned which were (*performed and*—stricken out) furnished by the said lienor.

"The (*labor performed and the*—stricken out) materials furnished and the agreed price and value thereof are as follows: Plumbing supplies, pipe, metal goods, &c., under contract for the sum of four thousand eight hundred and thirty seven and $04/100$ dollars ($4,837.04).

"The amount unpaid to the said lienor for such labor and materials is eighteen hundred fifty-seven $54/100$ dollars, with interest thereon from the 1st day of October, 1903.

"The time when the first item of work was performed was the ———— day of ————, 1——; the time when the first materials were furnished was the eighth day of July, 1903; the time when the last item of work was performed was the ———— day of ————, 190—; and the time when the last materials were furnished was the 21st day of Nov. 1903."

The court below held that this notice was insufficient, and from that decision The Peck Bros: & Co. has appealed.

In support of the notice, it is argued that the striking out of the words above indicated, together with the omission to state the time when the first or the last item of work was performed, show with sufficient clearness that the purpose of the notice was to create a lien for materials furnished only, and not for labor. On the other hand, it is argued that, since the notice in so many words claims a lien for both labor and materials, and states the amount unpaid for such labor and materials, without specifying how much of that unpaid amount is for labor and how much for materials, there is a clear failure to comply with the statutory requirement that there should be stated "the amount unpaid to the lienor for such labor or materials." If it were held that the lien in question was claimed for labor performed as well as for materials furnished, then, unquestionably, the notice would be bad; but our opinion is that, fairly construed, the notice should be held to relate only to materials, and that the word "labor," where it was allowed to remain, was plainly the result of inadvertence, and should be disregarded. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.